IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**FRANCISCO ACUNA-SALAS**
5314 N. Cook Street
McFarland, WI 53558

      Plaintiff,

vs.

Case No. 17-CV-99

**MELCHOR WINDOWS AND SIDING LLC**
2712 Pheasant Ridge Trl, Apt. 6
Madison, WI 53713

      Defendant.

## COMPLAINT

Plaintiff, Francisco Acuna-Salas, by his attorneys, Hawks Quindel, S.C., and Aaron N. Halstead, for his Complaint against Defendant, Melchor Windows and Siding LLC, states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff was employed by Defendant, Melchor Windows and Siding LLC ("Melchor"), as a roofer and laborer from June 25, 2015 through July 20, 2016. During his employment, and within the three-year period preceding this Complaint, Plaintiff commonly worked in excess of forty (40) hours per workweek. However, he did not receive overtime wages for all hours worked over forty (40). Plaintiff seeks payment of overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Francisco Acuna-Salas, is an adult resident of the state of Wisconsin. At all times material to this matter, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1), Wis. Stat. § 103.001(5), and Wis. Stat. § 109.01(1r). Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Melchor Windows and Siding LLC, is a Wisconsin limited liability company with its principal office at 2712 Pheasant Ridge Trl, Apt. 6, Madison, WI 53713. Melchor's registered agent for service of process is Arturo Melchor.

4. At all times relevant to this Complaint, Melchor was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

5. Upon information and belief, at all times material to this Complaint, Melchor had employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, Melchor had an annual dollar volume of sales or business done of at least $500,000.

7. Upon information and belief, at all times material to this Complaint, Plaintiff was an employee engaged in interstate commerce, or the production of goods for interstate commerce.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant's principal office is in this district and because the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

10. Defendant employed Plaintiff to perform roofing and other labor from June 25, 2015 through July 20, 2016.

11. At no time during his employment with Defendant was Plaintiff exempt from overtime or minimum wage payment under the FLSA or Wisconsin law.

12. During many weeks of his employment, Plaintiff worked over forty (40) hours and, in fact, during numerous weeks he worked twelve (12) or more hours for six (6) or seven (7) days.

13. Plaintiff worked at rates of pay ranging from $15 to $17 per hour regardless of the number of hours he worked per week, but was never paid more than that even when he worked over forty (40) hours in a week.

14. Plaintiff's employment with Defendant ended on July 20, 2016 when he was paralyzed by an accident that occurred at work.

15. During his employment with Defendant, Defendant suffered and permitted Plaintiff to work hours over forty (40) in many workweeks and did not pay him overtime compensation.

### FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

16. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

17. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

18. During his employment with Defendant, Defendant paid Plaintiff an hourly wage, not a fixed salary.

19. During his employment with Defendant, Defendant suffered and permitted Plaintiff to work hours over forty (40) in many workweeks for Defendant without overtime compensation.

20. Defendant's practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

21. Defendant knew that it had a legal obligation, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

22. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during his employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

23. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

24. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

25. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

26. During his employment with Defendant, Defendant paid Plaintiff an hourly wage, not a fixed salary.

27. During his employment with Defendant, Defendant suffered and permitted Plaintiff to work hours over forty (40) in a workweek for Defendant without overtime compensation.

28. As a result of Defendant's willful failure to pay overtime wages earned and due to Plaintiff, it has violated Wis. Stat. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03.

29. Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03, recovery of attorney's fees, costs, and expenses of this action to be paid by

Defendant as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding him:

A.  The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B.  The overtime wage compensation owed to Plaintiff under Wis. Stat. §§ 103.03, 109.03 for the two-year time period prior to the commencement of this action;

C.  Liquidated damages in an amount equal to the amount awarded to him as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D.  Penalties due under Wis. Stat. § 109.11;

E.  All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F.  Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: February 7, 2017.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for the Plaintiff*

        By: */s/ Aaron Halstead*
        Aaron N. Halstead, State Bar No. 1001507
        Email: ahalstead@hq-law.com
        222 West Washington Avenue, Suite 450
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236